```
                    IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF SOUTH CAROLINA
```

| | |
|---|---|
| Laura Wilson,                     ) | |
|                                   ) | |
|           Plaintiff,              ) | |
|                                   ) | |
| v.                                ) | Civil Action No. 6:16-3353-BHH |
|                                   ) | |
| Nancy A. Berryhill, Acting        ) | |
| Commissioner of Social Security   ) | **ORDER** |
| Administration,                   ) | |
|                                   ) | |
|           Defendant.              ) | |
| _____)   | |

This is an action brought pursuant to 42 U.S.C. §§ 405(g) seeking judicial review of the Acting Commissioner of Social Security's ("Commissioner") final decision, which denied Plaintiff Laura Wilson's ("Plaintiff") claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The record includes the report and recommendation ("Report") of United States Magistrate Kevin F. McDonald, which was made in accordance with 28 U.S.C. § 636 (b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) (D.S.C.).

In his Report, the Magistrate Judge recommends that the Court affirm the Commissioner's final decision denying benefits. Plaintiff filed objections to the Report, and the Commissioner filed a reply to those objections. *See* 28 U.S.C. § 636(b)(1) (providing that a party may object, in writing, to a Magistrate Judge's Report within 14 days after being served a copy). For the reasons stated below, the Court respectfully declines to adopt the Magistrate Judge's Report and instead remands this case to the Commissioner for further proceedings.

**BACKGROUND**

Plaintiff applied for DIB and SSI on January 23, 2014, alleging that she became

unable to work on January 14, 2014. Her applications were denied initially and upon reconsideration, and she requested a hearing before an administrative law judge ("ALJ"). A hearing was held on May 6, 2016, at which Plaintiff, who was represented by counsel, appeared and testified. At the hearing, the ALJ also heard testimony from a vocational expert ("VE"). The ALJ issued a decision on June 17, 2016, concluding that Plaintiff was not disabled from her alleged disability onset date through the date of the decision.

Plaintiff was 56 years old on the alleged disability onset date and 58 years old at the time of the ALJ's decision. She has a bachelor's degree in nursing and worked as a nurse until her alleged disability onset date.

## STANDARDS OF REVIEW

### I. The Magistrate Judge's Report

The Court conducts a de novo review to those portions of the Report to which a specific objection is made, and this Court may accept, reject, or modify, in whole or in part, the recommendations contained in the Report. 28 U.S.C. § 636(b)(1). Any written objection must specifically identify the portion of the Report to which the objection is made and the basis for the objection. *Id.*

### II. Judicial Review of a Final Decision

The federal judiciary plays a limited role in the administrative scheme as established by the Social Security Act. Section 205(g) of the Act provides that "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Consequently, judicial review . . . of a final decision regarding disability benefits is limited to determining whether the findings are

supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). "Substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebreeze*, 368 F.2d 640, 642 (4th Cir. 1966)). In assessing whether substantial evidence exists, the reviewing court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

## **DISCUSSION**

### **I.  The Commissioner's Final Decision**

The Commissioner is charged with determining the existence of a disability. The Social Security Act, 42 U.S.C. §§ 301-1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to result in death or which has lasted or can expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). This determination involves the following five-step inquiry:

> [The first step is] whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c) If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments

3

> listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App. I. If so, the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a) If the answer is in the affirmative, the final consideration looks to whether the impairment precludes that claimant from performing other work.

*Mastro*, 270 F.3d at 177 (citing 20 C.F.R. § 416.920).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993). The burden of production and proof remains with the claimant through the fourth step. However, if the claimant successfully reaches step five, then the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that the claimant could perform, taking into account the claimant's medical condition, functional limitations, education, age, and work experience. *Walls*, 296 F.3d at 290.

At step one, the ALJ found that Plaintiff did not engage in substantial gainful activity since January 14, 2014, her alleged disability onset date. Next, the ALJ determined that Plaintiff has the following severe impairments: degenerative disc disease of the lumbar spine, obesity, peripheral neuropathy, affective disorder, and anxiety. However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"). With regard to residual functional capacity ("RFC"), the ALJ found that Plaintiff could perform medium work as defined in 20 C.F.R. § 404.1567(c) and 416.967(c) with the following additional limitations: she can occasionally climb ladders, ropes, and scaffolds; she can occasionally stoop to lift within the exertional level from the floor to the waist; she can frequently climb ramps and stairs, balance, kneel,

4

crouch, and crawl; she can occasionally be exposed to hazards associated with unprotected dangerous machinery; she has sufficient concentration, persistence, and pace to understand, remember, and carry out simple, routine tasks in a low stress environment (defined as being free of fast-paced or team-dependent production requirements), involving simple work-related decisions, occasional independent judgment skills, and occasional workplace challenges; and she can maintain consistent concentration, attention, and pace for 95% of the workday, but would be off task an average of 5% of the workday beyond normal work breaks (an example of which would equate to an average of six minutes off task per two-hour work segment, or 24 hours off task out of an eight-hour workday). The ALJ found that Plaintiff was unable to perform her past relevant work, but that, considering her age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that she could perform. Therefore, the ALJ found that Plaintiff was not disabled from the alleged onset date through the date of the decision.

The Appeals Council denied Plaintiff's request for review on August 25, 2016, making the decision of the ALJ the final decision of the Commissioner. Plaintiff filed this action on October 11, 2016, seeking judicial review.

## II. The Court's Review[1]

In her initial brief, Plaintiff raised four main arguments. First, Plaintiff argued that the Court must remand the matter for consideration of the new evidence from Dr. Hossain that she submitted to the Appeals Council. Second, Plaintiff claimed that although the ALJ

---

[1] As the Magistrate Judge noted in his Report, numerous Social Security regulations and Social Security Rulings have changed effective March 27, 2017. However, these changes specifically state that they apply to claims filed on or after March 27, 2017. *See, e.g.*, 20 C.F.R. §§ 404.1513, 404.1527. Because the instant claim was filed prior to March 27, 2017, all references are to the prior versions of the regulations in effect when Plaintiff filed her application for benefits, unless otherwise specified.

5

found Plaintiff's obesity to be a severe impairment, he failed to comply with Social Security Ruling 02–01p by not considering the impact of Plaintiff's obesity on her ability to work. Third, Plaintiff argued that the ALJ failed to properly evaluate the expert medical opinions of Dr. Hossain, Plaintiff's treating physician. Finally, Plaintiff argued that she qualifies for disability under Medical Vocational Rule 202.04 because the evidence demonstrates that Plaintiff has no capacity for more than "light" work.

In her responsive brief, the Commissioner opposed Plaintiff's arguments and claimed that substantial evidence supports the ALJ's decision. Specifically, the Commissioner argued that the evidence Plaintiff submitted after the ALJ's decision does not warrant remand because it does not undermine the substantial evidence supporting the ALJ's decision. In addition, the Commissioner asserted that the ALJ properly considered Plaintiff's obesity and that the ALJ generously restricted Plaintiff to a reduced range of simple, routine, medium work, which accounts for all of Plaintiff's credibly established limitations. The Commissioner argued that the ALJ reasonably discounted Dr. Hossain's opinions, which were unsubstantiated and inconsistent with other evidence. Finally, the Commissioner asserted that Plaintiff's argument that the ALJ should have applied Grid Rule 202.04 for "light" work is without merit.

In his Report, the Magistrate Judge considered and rejected all of Plaintiff's arguments. In so doing, the Magistrate Judge evaluated Plaintiff's first and third arguments (related to the opinions of Dr. Hossain) in tandem, concluding that the Appeals Council adequately considered the additional evidence submitted by Plaintiff and appropriately determined that it did not provide a basis for changing the ALJ's decision. The Magistrate Judge also distinguished the case upon which Plaintiff relied in her brief, *Meyer v. Astrue*,

663 F.3d 700 (4th Cir. 2011), and ultimately found that substantial evidence supports the ALJ's decision to give little weight to Dr. Hossain's prior opinions. Next, the Magistrate Judge found that even though the ALJ did not expressly state the impact of Plaintiff's obesity on the RFC assessment, the error was harmless because Plaintiff offered no evidence as to what additional limitations the ALJ should have imposed based on her obesity. Finally, the ALJ found that substantial evidence supports the ALJ's finding that Plaintiff can perform a limited range of medium work and rejected Plaintiff's argument that the Medical Vocational Rules require a finding of disability.

Plaintiff filed a number of written objections to the Magistrate Judge's Report. First, Plaintiff again asserts that the Court must remand the case for proper consideration of the new evidence submitted by Plaintiff. Next, Plaintiff asserts that the Magistrate Judge erred by relying on *Fremon v. Colvin*, No. 7:14-cv-199, 2015 WL 5056734, at *4 (W.D.Va. Aug. 26, 2015), which Plaintiff asserts is contrary to published Fourth Circuit precedent, namely, *Brown v. Comm'r of Soc. Sec. Admin.*, 873 F.3d 251 (4th Cir. 2017). Plaintiff also asserts that the Magistrate Judge's Report inaccurately recounts the ALJ's actual findings and that the Court may not function as a *post hoc* fact finder. In addition, Plaintiff asserts that the Magistrate Judge's reliance on *Turner v. Colvin*, No. 14-228, 2015 WL 751522 (D.S.C. Feb. 23, 2015), is misplaced. Finally, Plaintiff again asserts that the ALJ failed to comply with S.S.R. 02–01p by not considering the impact of Plaintiff's obesity on her ability to perform work. The Court will consider the merits of Plaintiff's objections below.

As a first objection, Plaintiff reiterates her argument that the Court must remand this matter for proper consideration of the new medical opinion evidence submitted to the Appeals Council from her treating physician, Dr. Hossain. As the Magistrate Judge

explained, Plaintiff submitted a mental impairment questionnaire completed by Dr. Hossain on August 1, 2016. The Appeals Council made the opinion part of the record and indicated that it considered the material but found that it did not provide a basis to change the ALJ's decision. (ECF No. 11-2 at 3.) Because the Appeals Council ultimately did not find, after consideration of all of the evidence including the new opinion provided by Plaintiff, that the ALJ's decision was contrary to the weight of the evidence, the Appeals Council denied review without any further explanation, and the Court agrees with the Magistrate Judge that the Appeals Council's failure to provide additional explanation does not by itself require remand. *See Meyer*, 662 F.3d 700, 705 ("But if upon consideration of all of the evidence, including any new and material evidence, the Appeals Council finds the ALJ's action, findings, or conclusions not contrary to the weight of the evidence, the Appeals Council can simply deny the request for review. Contrary to Meyer's contention, nothing in the Social Security Act or regulations promulgated pursuant to it requires that the Appeals Council explain its rationale for denying review.").

In addition, the Court agrees with the Magistrate Judge that the facts of this case are distinguishable from those in *Meyer*. As the Magistrate Judge explained, in *Meyer*, the claimant advised the ALJ that it his treating physician had a policy of not providing opinions in Social Security cases. 662 F.3d at 703. In his decision, the ALJ nevertheless "emphasized that the record before it lacked 'restrictions placed on the claimant by a treating physician.'" *Id.* at 707. After the ALJ denied the claim, the claimant obtained a letter from his treating physician, wherein the physician described the claimant's medical condition and treatment history and opined that the claimant had limitations in sitting, standing, walking, lifting, bending, stooping, and squatting. *Id.* at 703. The Appeals

8

Council considered the new opinion evidence before declining the claimant's request for review but did not make any factual findings regarding the new opinion. The Fourth Circuit noted, as set forth above, that the regulations did not require the Appeals Council to explain its rationale for denying review; however, the Fourth Circuit ultimately found that it could not determine whether substantial evidence supported the ALJ's denial of benefits in light of the record as a whole. The court noted, "In view of the weight afforded the opinion of a treating physician, analysis from the Appeals Council or remand to the ALJ for such analysis would be particularly helpful when the new evidence constitutes the only record evidence as to the opinion of the treating physician." *Id.* at 706 (internal citation omitted). Because no fact finder had made *any findings* as to the treating physician's opinion or tried to reconcile that evidence with the conflicting and supporting evidence in the record, the Court remanded the case for further fact finding. *Id.* at 707.

Here, as the Magistrate Judge concluded, the record before the ALJ included other evidence from Plaintiff's treating physician, Dr. Hossain, as well as evidence from Plaintiff's other physicians. In addition, the ALJ here did not base his findings on a lack of treating source opinion evidence. "Thus, unlike in *Meyer* the additional evidence submitted by the plaintiff to the Appeals Council did not fill an 'evidentiary gap.'" (ECF No. 23 at 25.) The Court therefore agrees with the Magistrate Judge that *Meyer* is distinguishable and that the additional evidence submitted by Plaintiff does not *by itself* require remand. Nevertheless, for the reasons that follow, the Court disagrees with the Magistrate Judge as to the ALJ's overall consideration of Dr. Hossain's opinions and finds that remand is necessary for further consideration.

In his Report, the Magistrate Judge explained that the ALJ decided to give little

9

weight to Dr. Hossain's prior opinions because they were inconsistent with the doctor's treatment notes and particularly the mental status examination findings. (ECF No. 23 at 22 (citing Tr. at 27).) Indeed, in his decision the ALJ explained his findings as to Dr. Hossain's opinions as follows:

> The undersigned gives little weight to the December 2015 and March 2016 statements completed by Koshfia Hossain, M.D., in which Dr. Hossain opined that the claimant was "totally and permanently disabled" due to bipolar disorder and anxiety (Exhibit 7F). While the undersigned notes that an opinion on whether an individual is disabled goes to an issue reserved to the Commissioner and therefore cannot be given special significance, such opinion should still be considered in the assessment of claimant's residual functional capacity (20 CFR 404.1527(e) and 416.927(e); SSR 96-5p). These opinions are inconsistent with Dr. Hossain's own treatment reports, particularly the mental status examination findings." Therefore, they are given little weight.

(ECF No. 11-2 at 28; Tr. at 27.) Contrary to the Magistrate Judge's additional findings in the Report, however, this is the extent of the ALJ's explanation. In his Report, the Magistrate Judge offers the following additional explanation:

> As the ALJ found, Dr. Hossain's prior opinions that the plaintiff was disabled due to her mental impairments were inconsistent with treatment records in which Dr. Hossain consistently noted that the plaintiff was alert and oriented to person, place, time, and situation; she was cooperative; she had good eye contact, normal speech, goal-directed thought process, grossly intact memory, fair-to-adequate insight, and adequate judgment; and she denied suicidal or homicidal ideation, hallucinations, delusions, or paranoia (Tr. 448, 454, 460, 466, 472, 478, 484, 488-89, 494, 497, 533). Further, the plaintiff reported on several occasions that medication helped control her mental symptoms (Tr. 415, 453, 477, 492-93, 496, 514-15, 532). Dr. Hossain's opinions were likewise inconsistent with mental status examinations in treatment records from the plaintiff's primary care physician that showed the plaintiff was oriented to person, place, and time; she had appropriate mood and affect; she was able to articulate well with normal speech; she had normal thought content with the ability to perform basic computations and apply abstract reasoning; she had intact associations; she had no evidence of hallucinations, delusions, obsessions, or homicidal or suicidal ideation; she demonstrated appropriate judgment and insight; she displayed an ability to recall recent and remote events; she had intact fund of knowledge; and she

10

had normal attention span and ability to concentrate (Tr. 356, 415, 418). In April 2015, at a visit to the Free Clinic, the plaintiff denied symptoms of mania and felt her mood was well controlled on medication (Tr. 514-15). In May and June 2015, it was noted that the plaintiff had a grossly normal psychiatric examination (Tr. 510, 512). Moreover, Dr. Hossain's opinions were inconsistent with the examination by consultative examiner Dr. Rana, who stated that the plaintiff had a normal mini-mental status examination with intact immediate, recent, and delayed recall; clear speech; normal, euthymic mood; cooperative behavior; and no abnormal behavior (Tr. 404).

(ECF No. 23 at 22-23.) After review, the Court agrees with Plaintiff that the ALJ did not make these specific findings in his decision and that the Report therefore includes facts not found by the ALJ in the first instance but rather by the Court, which goes beyond the province of this Court's review. And ultimately, before this Court can determine whether substantial evidence supports the ALJ's treatment of Dr. Hossain's prior opinions, the Court finds it necessary to remand this matter to the Commissioner for further fact-finding in the first instance.

Likewise, the Court agrees with Plaintiff that the Report also goes too far in making factual findings as to the Dr. Hossain's supplemental opinion. In his Report, the Magistrate Judge effectively rejected the check-the-box form[2] completed by Dr. Hossain, stating, "Dr. Hossain cited no evidence in support of the assessed limitations, and, as the ALJ found with regard to the prior opinions, *the opined limitations are not supported by the record as a whole.*" (ECF No. 23 at 22 (emphasis added).) The Magistrate Judge later noted that "Dr. Hossain's supplemental opinion added opined limitations in particular areas of

---

[2] Plaintiff objects to the conclusion that check-the-box forms are of limited probative value, citing *Brown v. Commissioner*, where the Fourth Circuit stated: "To the extent the ALJ found fault with the [check-box] forms reflecting the opinions of [the treating physicians], that was not a sufficient reason to favor the contrary opinion of [the non-examining, consultative physician." 873 F.3d 269, n.5. The Court agrees with the Commissioner that this case is distinguishable from *Brown*. Nevertheless, on remand, the Court directs the Commissioner to consider whether Dr. Hossain's check-the-box form is supported by Dr. Hossain's other treatment records.

11

functioning, but it did so without any explanation or citation to findings supporting the conclusions, *and it is likewise inconsistent with the evidence of record as discussed above.*" (*Id.* at 26 (emphasis added).)  Because neither the Appeals Council nor the ALJ actually found that Dr. Hossain's supplemental opinion is inconsistent with the evidence of record, the Magistrate Judge effectively weighed the evidence in the first instance, which, as explained above, goes beyond the province of the Court's review.  Here again, to avoid this inappropriate weighing of the evidence, the Court finds it necessary to remand this matter to the Commissioner for further fact-finding in the first instance.[3]

Finally, the Court agrees with Plaintiff that the ALJ failed to comply with S.S.R. 02-01p when he did not explain whether Plaintiff's obesity caused any functional limitations when formulating Plaintiff's RFC assessment.  The ALJ found that Plaintiff's obesity is severe–i.e., significantly limits [her] ability to engage in work activity"–but offered no analysis of the effect obesity has on Plaintiff's "ability to perform routine movement and necessary physical activity within the work environment." S.S.R. 02-01p.  In his Report, the Magistrate Judge found this error to be harmless because Plaintiff offered no evidence to show what additional limitations the ALJ should have imposed.  However, because the Court finds it necessary to remand this case for further fact-finding with respect to the opinions of Plaintiff's treating physician, the Court makes no determination as to whether this error is harmless and instead instructs the ALJ to specifically evaluate and sufficiently explain how all of Plaintiff's severe impairments, including obesity, impact her functional

---

[3] The Court also agrees with Plaintiff that the Magistrate Judge's citation to *Turner v. Colvin*, No. 14-228-DCN, 2015 WL 751522, at *5 (D.S.C. Feb. 23, 2015), is misplaced insofar as the supplemental opinion offered by Plaintiff's treating physician did not merely repeat evidence already before the ALJ; even the Magistrate Judge recognized that Dr. Hossain's supplemental opinion added opined limitations in areas of functioning.

abilities.

## **CONCLUSION**

After review, the Court finds that Plaintiff has raised a number of valid objections to the Magistrate Judge's Report, as explained above. Accordingly, the Court respectfully declines to adopt the Magistrate Judge's Report (ECF No. 23) and instead remands the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further fact-finding as explained in this order and for any necessary additional proceedings.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce H. Hendricks
United States District Judge

March 21, 2018
Charleston, South Carolina